UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14269-CIV-CANNON

**JOHNNY DENARD CLARK**,

    Petitioner,

v.

**MARK S. INCH**,

    Respondent.

_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION

**THIS CAUSE** is before the Court *sua sponte* on the 28 U.S.C. § 2254 petition filed by *pro se* Petitioner Johnny Denard Clark [ECF No. 1]. For the reasons set forth below, the Petition is **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Petitioner is a pre-trial detainee.**

First, Petitioner is a pre-trial detainee awaiting trial and is not in custody pursuant to a state court judgment on the criminal case at issue. *See State of Florida vs. Clark, Johnny Denard*, Case No. 2021CF000560 A, St. Lucie County, Florida (next court appearance set for August 24, 2021). Pursuant to 28 U.S.C. § 2254, for a federal court to have jurisdiction over a federal habeas corpus petition, a petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See e.g., Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Llovera-Linares v. Fla.*, 559 F. App'x 949, 951 (11th Cir. 2014); *Briotte v. Sec'y for the Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007). Because the state court criminal case is pending and there is no conviction at issue, Petitioner is currently not "in custody" under a state court judgment. Thus,

when construed as a § 2254 petition, this action is dismissed for lack of jurisdiction.  *Llovera-Linares*, 559 F. App'x at 952.

### II.    28 U.S.C. § 2241 and *Younger* Abstention

Second, even if the Court were to construe Petitioner's filing as a Petition under 28 U.S.C. § 2241 challenging the pretrial detention order to which Petitioner is subject, principles of equity, comity, and federalism counsel in favor of abstaining from interfering with pending state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (concluding that *Younger* abstention requires a dismissal without prejudice). Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  *Id.* at 43–44; *see also Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Younger*, 401 U.S. at 43.

Here, Petitioner has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir.1985).  Specifically, Petitioner may present his claims throughout the on-going state criminal proceedings, including presentation of motions to the state trial and/or appellate courts, assertion of claims to the appellate court if dissatisfied with the rulings of the lower courts, and presentation of claims on direct appeal if he is convicted of the charged offense or offenses. Plaintiff has not alleged that any special circumstances exist that create a threat of irreparable harm. Nor is the mere fact that Petitioner must endure state criminal proceedings sufficient to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45; *Hudson v. Hubbard*, 358 F. App'x 116,

118 (11th Cir. 2009). The relief Petitioner requests "would create an 'undue interference with state proceedings.'" *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989)). This Court therefore must abstain from considering the merits of Petitioner's claims, which appear to challenge the constitutionality of actions undertaken by state officials related to his pending criminal case.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition [ECF No. 1] is **DISMISSED without PREJUDICE**.
2. All pending motions are **DENIED as MOOT**.
3. The Clerk of Court is ordered to **CLOSE this case**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 8th day of July 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: **Johnny Denard Clark**
    47504
    St. Lucie County Jail
    Inmate Mail/Parcels
    900 North Rock Road
    Fort Pierce, Florida 34945
    *PRO SE*